925 F.2d 1464
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paul M. HUMPHREY, Petitioner-Appellant,
v.
Arthur W. TATE, Respondent-Appellee.
 No. 90-3811.
 United States Court of Appeals, Sixth Circuit.
 Feb. 22, 1991.
 
 Before DAVID A. NELSON and SUHRHEINRICH, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Paul M. Humphrey, an Ohio state prisoner, moves for the appointment of counsel on appeal from the district court's judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Humphrey is serving a sentence arising from his conviction following a jury trial of aggravated robbery, having a weapon under a disability, and two firearm specifications. His conviction was affirmed on direct appeal by the Ohio appellate and Supreme Courts. He also filed an untimely motion for new trial, and state habeas corpus petitions in the Ohio Court of Appeals and Supreme Court, which were dismissed for lack of jurisdiction. In this federal habeas action, Humphrey argues that he was denied the right to counsel at a show-up identification, that the identification was unconstitutionally suggestive, that the police lacked probable cause to search and seize his car and its contents, that he was denied a preliminary hearing, and that he was denied a speedy trial. The first three of these claims were properly exhausted in his direct appeal. Humphrey attempted to raise the latter two claims in his jurisdictionally defective motion for a new trial and state habeas actions.
 
 
 3
 The district court magistrate concluded that Humphrey's right to counsel and suggestive identification claims were meritless, and that the search and seizure claim was barred from consideration under Stone v. Powell, 428 U.S. 465 (1976). As to the remaining claims, the magistrate concluded that Humphrey had failed to raise them on direct appeal, that no state remedy existed to address these claims, that Humphrey could not establish cause and prejudice for his procedural default, and that the claims were meritless. The district court adopted the magistrate's recommendation to dismiss the petition.
 
 
 4
 Upon review, this court affirms the judgment dismissing this petition for the reasons stated by the magistrate and adopted by the district court. Rule 9(b)(5), Rules of the Sixth Circuit. The motion for counsel is denied.